J-S43036-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                            : PENNSYLVANIA
                                            :
                    v.                      :
                                            :
                                            :
WAYNE JAMES                                 :
                                            :
                    Appellant               : No. 1654 EDA 2025

Appeal from the PCRA Order Entered May 30, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0014092-2011

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JANUARY 15, 2026**

Appellant, Wayne James, appeals *pro se* from the post-conviction court's order dismissing, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

The facts underlying Appellant's convictions are not pertinent to his instant appeal. We only note that he was convicted of first-degree murder (18 Pa.C.S. § 2502(a)) and related offenses after he shot at a crowd inside a bar, killing one person and injuring several others. Just before Appellant's jury trial commenced on October 1, 2013, Appellant expressed his desire to represent himself. *See* N.T. Trial, 10/1/13, at 12. He also rejected having his attorney act as stand-by counsel. *Id.* at 15. After a lengthy discussion between the court, Appellant, and defense counsel, the court permitted Appellant to proceed *pro se*. *See id.* at 12-41. At the close of trial, the jury convicted Appellant of the above-stated offenses.

On October 7, 2013, Appellant was sentenced to an aggregate term of life imprisonment, without the possibility of parole. He was then appointed counsel, who filed timely post-sentence motions on his behalf. Those motions were denied, and counsel filed a timely appeal. This Court affirmed Appellant's judgment of sentence on February 13, 2015, and our Supreme Court denied his subsequent petition for permission to appeal on August 12, 2015. **See Commonwealth v. James**, 120 A.3d 380 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 121 A.3d 495 (Pa. 2015).

Appellant filed a timely PCRA petition on March 11, 2016. Counsel was appointed and filed an amended petition on Appellant's behalf. On November 6, 2018, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. Appellant filed a *pro se* response to that notice, as well as several other *pro se* motions. Therein, Appellant indicated, *inter alia*, that he wished to proceed *pro se*. **See, e.g.**, Response to Rule 907 Notice, 11/26/18, at 1 ("Petitioner's Unequivocal Invocation of his Right to Proceed *Pro Se*"). Accordingly, on December 7, 2018, the court held a **Grazier**[1] hearing, after which it found that Appellant was knowingly, intelligently, and voluntarily waiving his right to counsel and permitted him to proceed *pro se*. Thereafter, the court denied all of Appellant's *pro se* motions, and issued an order on July 9, 2019, dismissing his PCRA petition. Appellant filed a *pro se* notice of appeal on August 13,

_____

[1] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

2019, which this Court quashed as untimely on November 4, 2019. **See Commonwealth v. James**, No. 2510 EDA 2019, *per curiam* order at 1 (Pa. Super. filed Nov. 4, 2019). He did not file a petition for permission to appeal with our Supreme Court.

On November 14, 2019, Appellant filed a second, *pro se* PCRA petition, as well as *pro se* amendments thereto on February 21, 2020, and October 22, 2020. On March 18, 2022, the court issued a Rule 907 notice indicating that it intended to dismiss Appellant's petition without a hearing on the basis that it was untimely. Appellant did not respond, and on May 20, 2022, the court issued an order dismissing his petition. Appellant filed a timely, *pro se* notice of appeal. On October 6, 2023, this Court affirmed the order dismissing his petition. **See Commonwealth v. James**, 307 A.3d 640 (Pa. Super. 2023) (unpublished memorandum). He did not file a petition for permission to appeal to our Supreme Court.

On July 17, 2024, Appellant filed his third, *pro se* PCRA petition, which underlies his instant appeal. Therein, Appellant contended

> that he was required to abandon his right to counsel and proceed to trial without the assistance of effective counsel, nor stand-by counsel, and that the trial court failed to conduct a colloquy to determine if [he] was competent to represent himself and to determine that his waiver of his right to counsel was knowing, voluntary, and intelligent, in accordance with Pa.R.Crim.P. 121(C).

PCRA Petition, 7/17/24, at 3 ¶ 23 (unnumbered). Appellant further averred that his failure to previously litigate this issue was due to the ineffective assistance of "all previous counsels" and that it "was also the duty of the

Superior Court … to raise and address this issue *sua sponte* which [this Court] had failed to do…." *Id.* at 3 ¶ 26 (unnumbered).

On April 25, 2025, the court issued a Rule 907 notice, explaining that it intended to dismiss Appellant's petition without a hearing because it was untimely and he had not attempted to plead or prove any of the PCRA's timeliness exceptions. *See* Rule 907 Notice, 4/25/25, at 1-2 (unnumbered). Appellant filed a *pro se* response to the Rule 907 notice on May 13, 2025. Therein he raised, for the first time, the newly-discovered-fact exception of 42 Pa.C.S. § 9545(b)(1)(ii). Specifically, Appellant claimed that he did not discover that his waiver of his right to counsel at trial was inadequate until his cellmate reviewed his case and notified Appellant that the court's colloquy was inadequate, and that his prior attorneys were ineffective for not previously raising this claim. *See* Response, 5/13/25, at 1-2 ¶¶ 4, 8 (unnumbered). According to Appellant, he could not have discovered these facts earlier, in the exercise of due diligence, because he "suffers from language, intellectual, and mental health deficiencies and difficulties." *Id.* at 2 ¶ 5 (unnumbered).

On May 30, 2025, the court issued an order, and accompanying opinion, dismissing Appellant's petition. Appellant filed a timely, *pro se* notice of appeal on June 13, 2025. The court did not direct him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and it submitted its May 30, 2025 opinion in satisfaction of Rule 1925(a).

Herein, Appellant states two issues for our review:

1. Did the PCRA court commit legal error by ruling that Appellant failed to invoke any timeliness exceptions, where Appellant did so in his [Rule] 907 response?

2. Did the PCRA court commit legal error by failing to properly address Appellant's [Rule] 907 response by not giving a ruling on whether Appellant is eligible for timeliness exeption [*sic*] of 42 Pa.C.S. § 9545(b)(1)(ii), where the facts upon which his claim is predicated were unknown to Appellant and could not have been ascertained by the exercise of due diligence, where Appellant is mentally ill, uneducated, and a foreigner with difficulties comprehending the standard English language without the assistant [*sic*] of a translator available to him in his prison facility?

Appellant's Brief at 4 (unnecessary capitalization omitted).

Initially, we note that this Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, any petition attempting to invoke one of these exceptions must "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final in 2015 and, thus, his instant petition filed in 2024 is patently untimely. Consequently, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b). As set forth *supra*, Appellant argues that he meets the after-discovered evidence exception of section 9545(b)(1)(ii) based on his discovery of the fact that (1) he was improperly required to proceed *pro se* at trial, without an adequate colloquy by the trial court, and (2) his previous attorneys were ineffective for failing to raise this claim. Appellant maintains that he did not know of these facts until his cellmate reviewed his case, and that he could not have learned them sooner, in the exercise of due diligence, because of his "mental incompetence, lack of education, [and there being] no

available translator at [the prison]…." Appellant's Brief at 9-10. According to Appellant, the PCRA court erred by stating that he made no attempt to assert a timeliness exception, where he raised these claims in response to the court's Rule 907 notice. *Id.* at 10. Thus, he asks us to "remand this matter to the PCRA court … for it to address Appellant's time-bar exception invocation." *Id.* at 11.

No relief is due. First, we disagree with Appellant that the PCRA court erred by not considering his newly-discovered-fact claim, which was raised for the first time in his response to the court's Rule 907 notice. This Court has explained:

> The purpose of a Rule 907 pre-dismissal notice is to allow a petitioner an opportunity **to seek leave to amend his petition** and correct any material defects, the ultimate goal being to permit merits review by the PCRA court of potentially arguable claims. The response to the Rule 907 notice is an opportunity for a petitioner and/or his counsel to object to the dismissal and alert the PCRA court of a perceived error, permitting the court to discern the potential for amendment.

> *Commonwealth v. Smith*, 121 A.3d 1049, 1054 (Pa. Super. 2015) (citations and quotation marks omitted). ***"This does not mean that a defendant may raise entirely new claims that he could have presented prior to his response to the notice of intent to dismiss."*** *Commonwealth v. Rykard*, 55 A.3d 1177, 1189 n.8 (Pa. Super. 2012). Rather, "the response is not itself a petition[,] and **the law still requires leave of court to submit an amended petition."** *Id.* at 1189 (citing Pa.R.Crim.P. 905(A)).

> The Rules of Criminal Procedure contemplate that amendments to pending PCRA petitions are to be "freely allowed to achieve substantial justice," Pa.R.Crim.P. 905(A), but Rule 905 amendments are not "self-authorizing" such that a petitioner may simply "amend" a pending petition with a supplemental pleading.

Rather, the Rule explicitly states that **amendment is permitted only by direction or leave of the PCRA court.**

***Commonwealth v. Miranda***, 317 A.3d 1070, 1076 (Pa. Super. 2024) (emphasis added; some citations omitted).

Here, Appellant did not seek — nor was he granted — leave to amend his petition to assert his claim that he has met the newly-discovered-fact exception to the PCRA's one-year time-bar. His raising that assertion for the first time in his response to the court's Rule 907 notice was not permitted. Accordingly, because Appellant did not raise any timeliness exception in his PCRA petition, we discern no error in the court's decision to dismiss it as untimely.

In any event, even had Appellant properly raised his newly-discovered-fact claim in his petition, we would conclude that no relief is due. Appellant knew about the circumstances surrounding his decision to proceed *pro se* in 2013 when his trial took place, yet in the decade between his trial and the filing of his instant petition, he never raised any issue regarding his waiver of counsel or the adequacy of the court's colloquy. Notably, Appellant has had several attorneys representing him over those years, including during post-sentence motions, on direct appeal, and in litigating his first PCRA petition. Appellant's attempt to argue that these attorneys were ineffective for not challenging the adequacy of the trial court's colloquy on his waiver of his right to counsel is unavailing. Our Supreme Court has stated that "the allegation of ineffectiveness of counsel for failure to put forward available claims does not excuse compliance with the timeliness requirements of the PCRA."

***Commonwealth v. Pursell***, 749 A.2d 911, 916 (Pa. 2000). Moreover, in ***Pursell***, our Supreme Court rejected Pursell's "contention that the 'facts' which form[ed] the bases of [his] claims were not knowable until he was advised of their existence by present counsel[,]" where Pursell's claims "relate[d] to alleged errors discernable from the trial court record…." ***Id.*** at 916, 917. Similarly, here, we reject Appellant's argument that he could not have known of the issues surrounding his waiver of his right to counsel until his cellmate advised him of their existence. As in ***Pursell***, any alleged errors in the trial court's colloquy were discernable from the record and, therefore, we would conclude that Appellant has not alleged a newly-discovered-fact that can meet the timeliness exception of section 9545(b)(1)(ii).[2] Consequently, the court did not err in dismissing his petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/15/2026

_____

[2] We also note that Appellant was again colloquied on his waiver of the right to counsel during the litigation of his first PCRA petition; therefore, he should have been alerted to any ostensible deficiencies in the trial court's colloquy and raised those during the litigation of that timely petition.